UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

          Plaintiff,

          v.

CHAD WILLIAMS,

          Defendant.
_____

REPORT & RECOMMENDATION

15-MJ-4128

On August 10, 2015, defendant Chad Williams ("Williams") was arrested and charged in a Criminal Complaint with possession and concealment of counterfeit currency, in violation of 18 U.S.C. § 472. (Docket # 1).

By order entered June 28, 2016, this Court ordered that Williams be examined Dr. R.P. Singh ("Singh"), M.D., M.B.B.S., in Rochester, New York, to determine whether Williams was suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. (Docket # 28). Pursuant to that order, a forensic mental health evaluation was conducted by Dr. Singh. The forensic report of that examination, dated July 14, 2016, concluded, in part, that Williams "is currently suffering from severe symptoms of a Major Mental Disorder," specifically, schizoaffective disorder, bipolar type. (Docket # 32). The report further concluded that Williams does not "have a factual and rational understanding of his current legal charges . . . [and] [b]ecause of his extreme suspiciousness, he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense." (*Id.*). In

addition, Dr. Singh opined that Williams's condition is "treatable" and "tend[s] to respond fairly well to [a] combination of mood stabilizers and antipsychotic medications." (*Id.*).

The matter was scheduled for a competency hearing on August 5, 2016. Prior to the scheduled hearing, this Court received a letter from Williams's counsel, dated August 2, 2016, requesting that the Court adopt Dr. Singh's report in lieu of proceeding with the scheduled hearing. At the August 5, 2016 proceeding, counsel for both sides appeared, but Williams did not. Defense counsel advised the Court that he had been informed earlier that morning that Williams had been hospitalized at Strong Memorial Hospital for mental health treatment. The proceeding was adjourned until August 8, 2016. On August 8, 2016, Williams again did not appear, and defense counsel advised the Court that Williams had been released from the hospital, but subsequently had returned to the Emergency Department of Strong Memorial Hospital for treatment. Counsel later advised the Court that Williams had been readmitted to the hospital. On August 9, 2016, this Court issued a bench warrant for Williams.

On August 11, 2016, Williams surrendered himself on the warrant, and the Court held an appearance, at which counsel for Williams reiterated his request made in his August 2, 2016 letter. Counsel further indicated on the record that the defense had no objection to this Court's recommendation that Williams be found not competent and be hospitalized for further treatment.

Having carefully reviewed Dr. Singh's report in its entirety, I recommend that the district court accept its findings. I further recommend, pursuant to 18 U.S.C. § 4241(d)(1), that the district court commit Williams to the custody of the Attorney General for treatment in a

suitable facility for a reasonable period not to exceed four months to determine whether there is a substantial probability that Williams would be able to attain the capacity to stand trial.

_Marian W Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      August 11, 2016

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[1]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

*Marian W Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August 11, 2016

---

[1] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).